UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSTECHUS, INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>NORTHERNZONE, LLC,<br><br>  Defendant. | Case No.: 21-cv-00122-H-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON DAMAGES**<br><br>[Doc. No. 11.] |

On January 21, 2021, Plaintiff CSTECHUS filed a complaint for patent infringement against Defendant NorthernZone LLC, alleging infringement of U.S. Patent No. 9,585,365. Doc. No. 1, Compl.) In the complaint, Plaintiff alleges that Defendant is infringing the '365 patent by manufacturing, using, offering for sale, and selling a dog collar advertised on Amazon as the "E-KOMG Dog Recovery Collar for Surgery, Dogs and Cats Soft Recovery Collar Protective Collar for Wound Healing" (the accused product). (Id. ¶¶ 8-9, 16, Ex. B.) On March 26, 2021, the Clerk entered default as to Defendant. (Doc. No. 9.)

On May 26, 2021, Plaintiff filed a motion for leave to conduct discovery on the issue of damages. (Doc. No. 11.) Specifically, Plaintiff requests limited discovery on the online sales on Amazon and other internet websites used by Defendant, as well as any institutions with which Defendant holds financial accounts, in order to ascertain Defendant's revenue from its sales of the accused product. (Id. at 3-4.) Plaintiff argues that it needs this

discovery to reveal the full extent of damages it can recovery from Defendant.  (Id. at 4.)  In addition, Plaintiff requests a 90-day extension of time (until August 24, 2021) to file a motion for default judgment against Defendant.  (Id. at 4-5.)

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery.  A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . [unless] authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  Federal Rule of Civil Procedure 55(b)(2) provides that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate [default] judgment, it needs to: . . . determine the amount of damages."  Fed. R. Civ. P. 55(b)(2).  "[P]ursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default."  Oakley, Inc. v. Moda Collection, LLC, No. SACV16160JLSJCGX, 2016 WL 7495835, at *7 (C.D. Cal. June 9, 2016); see also Nutrition Distribution LLC v. Musclegen Rsch. Inc., No. 16-CV-3113-JLS (JMA), 2017 WL 4391711, at *2 (S.D. Cal. Oct. 3, 2017) ("Other courts have allowed discovery on the issue of damages after the entry of default."); Tech. LED Intell. Prop., LLC v. Revogi, LLC, No. 18-CV-03827-JSC, 2019 WL 2716610, at *6 (N.D. Cal. June 27, 2019) ("Courts have allowed limited discovery on the issue of damages after the entry of default.").

For good cause shown, the Court grants Plaintiff's motion for leave to conduct discovery.  Plaintiff may conduct limited discovery on the online sales on Amazon and other internet websites used by Defendant, as well as any institutions with which Defendant holds financial accounts, in order to ascertain Defendant's revenue from its sales of the accused product.  In addition, the Court grants the requested extension of time.  Plaintiff must file its motion for default judgment by **August 24, 2021**.

**IT IS SO ORDERED.**

DATED: May 28, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT