UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSTECHUS, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>NORTHERNZONE, LLC,<br><br>                                    Defendant. | Case No.: 21-cv-00122-H-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 16.] |

      On January 21, 2021, Plaintiff CSTECHUS filed a complaint for patent infringement against Defendant NorthernZone LLC, alleging infringement of U.S. Patent No. 9,585,365 ("the '365 patent"). (Doc. No. 1, Compl.)  On March 26, 2021, the Clerk entered default against Defendant NorthernZone.  (Doc. No. 9.)  On August 24, 2021, Plaintiff CSTECHUS filed a motion for default judgment against Defendant NorthernZone.  (Doc. No. 16.)  To date, the Court has not received an opposition to CSTECHUS's motion, and Defendant NorthernZone has not otherwise made an appearance.

      A hearing on Plaintiff's motion is scheduled for Monday, November 1, 2021 at 10:30 a.m.  The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing.  For the reasons below, the Court denies Plaintiff's

motion for default judgment.

# BACKGROUND

Plaintiff CSTECHUS is a California corporation with its principal place of business in Carlsbad, California. (Doc. No. 1, Compl. ¶ 1.) Defendant NorthernZone is a Colorado company with its principal place of business in Bailey, Colorado. (Id. ¶ 2.)

Plaintiff is the owner of the '365 patent entitled "Adjustable Protective Animal Collar." (Id. ¶¶ 6-7, Ex. A.) Plaintiff alleges that Defendant's "E-KOMG Dog Recovery Collar for Surgery, Dogs and Cats Soft Recovery Collar Protective Collar for Wound Healing" ("the accused product") infringes the '365 patent. (Id. ¶¶ 8-9, 16, Ex. B.)

On January 21, 2021, Plaintiff filed a complaint for patent infringement against Defendant, alleging infringement of the '365 patent. (Doc. No. 1, Compl.) On March 26, 2021, the Clerk entered default against Defendant. (Doc. No. 9.) By the present motion, Plaintiff CSTECHUS moves for a default judgment on its claim for patent infringement against Defendant NorthernZone in amount of $65,238.69 plus 10% interest for a total of $70,135.20 along with the issuance of a permanent injunction and an award of attorney's fees and costs of this action. (Doc. No. 16-1 at 12.)

# DISCUSSION

## I.     Legal Standards for a Default Judgment

A court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(b). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining whether to exercise its discretion to grant default judgment, a district court considers: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). At the default judgment stage, well-pleaded factual allegations of the

complaint are taken as true, except those related to damages.  <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917–18 (9th Cir. 1987); <u>see also</u> Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.").

**II.     The Merits of Plaintiff's Claim and The Sufficiency of the Complaint**

In evaluating a motion for default judgment, the Court must consider: "the merits of plaintiff's substantive claim" and "the sufficiency of the complaint." <u>Eitel</u>, 782 F.2d at 1471–72; <u>see also</u> <u>Seismic Reservoir 2020, Inc. v. Paulsson</u>, 785 F.3d 330, 335 (9th Cir. 2015) ("'[A] trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" (quoting <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987))).  In the complaint, Plaintiff alleges a single claim for patent infringement against Defendant.  (Doc. No. 1, Compl. ¶¶ 15-21.)  Plaintiff moves for a default judgment against Defendant based on this claim.  (Doc. No. 16-1 at 2.)  As such, the Court must evaluate the sufficiency of Plaintiff's claim for patent infringement.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In order to comply with Rule 8(a)(2), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

"Accordingly, a plaintiff cannot assert a plausible claim for infringement under the <u>Iqbal</u>/<u>Twombly</u> standard by reciting the claim elements and merely concluding that the accused product has those elements." <u>Bot M8 LLC v. Sony Corp. of Am.</u>, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  "There must be some factual allegations that, when taken as true,

articulate why it is plausible that the accused product infringes the patent claim."  Id. Nevertheless, "[a] plaintiff is not required to plead infringement on an element-by-element basis."  Id. at 1352.  The Federal Circuit has instructed:  "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device."  Id. at 1353.

To support its claim for patent infringement, Plaintiff only provides the following allegations in the complaint:  "Upon information and belief, NorthernZone's product infringes on the '365 patent, literally and/or under the doctrine of equivalents, by practicing one or more claims of the '365 patent in the manufacture, use, offering for sale, sale, and/or importation of the Accused Product."  (Doc. No. 1, Compl ¶ 9; see also id. ¶ 16 ("Upon information and belief, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '365 patent by practicing one or more claims of the '365 patent in the manufacture, use, offering for sale, sale, and/or importation of the Accused Product, including, for example illustrated in Exhibit B.").)  This is insufficient to state a claim for patent infringement.

Plaintiff's allegations are merely a threadbare recital of the elements of a claim for patent infringement supported by conclusory statements, which the Supreme Court and the Federal Circuit have held "'do not suffice.'"  Bot M8, 4 F.4th at 1352 (quoting Iqbal, 556 U.S. at 678).  Plaintiff's complaint contains no factual allegations articulating why it is plausible that the accused product infringes the claims at issue.  As such, the complaint fails to properly state a claim for patent infringement.  See id. at 1353 (explaining that "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim").  Further, because Plaintiff has failed to state a claim for patent infringement, Plaintiff is not entitled to a default judgment against Defendant.  See DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854–55 (9th Cir. 2007) (affirming the denial of a motion for default judgment where the plaintiff failed to state a claim); see, e.g., Ewing v. Encor Solar, LLC, No. 18-CV-2247-CAB-

MDD, 2019 WL 4193363, at *2 (S.D. Cal. Sept. 3, 2019) (denying motion for default judgment where plaintiff failed to state a claim); United States ex rel. Lesnik v. Eisenmann SE, No. 16-CV-01120-LHK, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021) (same).

### III. Venue

In addition, the Court notes that it appears that venue is improper in this district. In the complaint, Plaintiff alleges: "Venue is proper within this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as a substantial part of the events giv[ing] rise to the claims in this complaint occurred in this judicial district." (Doc. No. 1, Compl. 5.) This is insufficient to establish venue under 28 U.S.C. § 1400(b).

The patent venue statute, 28 U.S.C. § 1400(b), provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." "[F]or purposes of § 1400(b) a domestic corporation "resides" only in its State of incorporation." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017). Further, for purposes of § 1400(b), in order for a defendant to have "a regular and established place of business" in the district, the following three requirements must be met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017). The plaintiff bears the burden of establishing proper venue under section 1400(b). In re ZTE (USA) Inc., 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Plaintiff has not shown that Defendant either: (1) resides in this district; or (2) has a regular or established place of business in this district. To the contrary, in the complaint, Plaintiff alleges that Defendant is "a Colorado company having its principal place of business" in "Bailey, CO." (Doc. No. 1, Compl. ¶ 2.) As such, venue appears to be improper in this district. Cf. Karlsson v. Ronn Motor Grp. Inc., No. CV-19-04510-PHX-DWL, 2020 WL 2615972, at *6 (D. Ariz. May 22, 2020) (considering the issue of proper venue in evaluating a motion for default judgment).

### Conclusion

For the reasons above, the Court denies Plaintiff CSTECHUS's motion for default judgment. Plaintiff's complaint fails to adequately state a claim for patent infringement. See Bot M8, 4 F.4th at 1352–53. As such, the Court grants Plaintiff leave to file an amended complaint within **30 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: October 25, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT