1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSTECHUS, INC., a California corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>NORTHERNZONE, LLC,<br><br>                              Defendant. | Case No.:  21-cv-00122-H-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY; AND**<br><br>**(2) GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME**<br><br>[Doc. No. 21.] |

On January 21, 2021, Plaintiff CSTECHUS filed a complaint for patent infringement against Defendant NorthernZone LLC, alleging infringement of U.S. Patent No. 9,585,365 ("the '365 patent").  (Doc. No. 1, Compl.)  On March 26, 2021, the Clerk entered default against Defendant.  (Doc. No. 9.)

On August 24, 2021, Plaintiff filed a motion for default judgment against Defendant. (Doc. No. 16.)  On October 25, 2021, the Court denied Plaintiff's motion for default judgment.  (Doc. No. 20.)  In denying the motion, the Court explained that Plaintiff had failed to adequately state a claim for patent infringement against Defendant.  (Id. at 3-5.)

In addition, the Court noted that venue appeared to be improper in this district.  (Id. at 5.) The Court granted Plaintiff leave to file an amended complaint within 30 days from the date of the October 25, 2021 order.  (Id. at 6.)

On November 29, 2021, Plaintiff filed a motion for leave to conduct discovery on venue and for an extension of the deadline to amend the complaint. (Doc. No. 21.)  In the motion, Plaintiff states that it seeks to conduct discovery on the online sales, advertising, and marking of Defendant's infringing products in this district in order to show that Defendant conducts business in this district.  (Id. at 4.)  The Court denies this request because the requested discovery even if obtained from Defendant would be insufficient to establish venue in this district.

The patent venue statute, 28 U.S.C. § 1400(b), provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  "[F]or purposes of § 1400(b) a domestic corporation "resides" only in its State of incorporation." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017).  Further, for purposes of § 1400(b), in order for a defendant to have "a regular and established place of business" in the district, the following three requirements must be met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  If any statutory requirement is not satisfied, venue is improper under § 1400(b)." In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017).  The plaintiff bears the burden of establishing proper venue under section 1400(b). In re ZTE (USA) Inc., 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Thus, in order for venue to be proper in this district, the Defendant must either: (1) reside in this district; or (2) have a regular and established place of business in this district. See 28 U.S.C. § 1400(b).  It appears that the Defendant does not reside in this district because in the complaint, Plaintiff alleges that Defendant is "a Colorado company having its principal place of business" in "Bailey, CO." (Doc. No. 1, Compl. ¶ 2.)  Indeed, in the present motion, Plaintiff acknowledges that in order to establish that venue is proper in this

district, it must show in its amended complaint that Defendant has a regular and established place of business in this district. (Doc. No. 21 at 3.) But despite acknowledging this, Plaintiff states in the motion that it is seeking to conduct discovery on the alleged online sales, advertising, and marking of Defendant's infringing product in this district. (<u>Id.</u> at 4.) None of the requested discovery is capable of establishing that Defendant has a regular and established place of business in this district. In order to have a regular or established place of business in this district, the Defendant must have "a physical place" in this district. <u>Cray</u>, 871 F.3d at 1360. Online sales, advertising, and marking products do not show that the Defendant has a physical place in this district.

In sum, the requested discovery is futile and is not capable of establishing that venue is proper in this district. As a result, the Court denies Plaintiff's request to conduct discovery on venue. Nevertheless, the Court grants Plaintiff's request for an extension of the deadline to file its amended complaint. Plaintiff must file its amended complaint by **January 29, 2022**.

**IT IS SO ORDERED.**

DATED: December 1, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT